OPINION OF THE COURT
Francois R. Cross, J.
The plaintiff in this action was a named insured under homeowner’s policy No. HO 36-05-96 X issued by the defendant Aetna Insurance Company. The premises described in the policy was listed as “N/S Simons Street, Millerton, Dutchess Co., NY 12546”, which also describes the plaintiff’s true residence. The plaintiff was also the owner of certain real property located on the island of Jost Van Dyke in the British Virgin Islands. He claims that certain unscheduled personal property owned by him was destroyed by fire at that location. Some of the items set forth in the schedule of claim were purchased in New York or elsewhere, used or located at the Millerton property, transported to the Virgin Island property and thereafter destroyed. Other items on the schedule were never located at the Millerton property, were purchased by the plaintiff or his agent outside the State of New York, were thereafter transported to the Virgin Island property and were subsequently destroyed. All of these latter described items were to be used in the construction of, or incorporated in, or used in connection with a dwelling to be constructed on the island by plaintiff’s agent, Thomas Howe.
This motion for summary judgment has been initiated by the defendant seeking to dispose of plaintiff’s claim on the ground that he has failed to state a cause of action under *701 the terms of the policy. The court is aware that on such a motion, a search of the entire record is to be made to determine whether a triable issue of facts exists. In such an inquiry, statements made by counsel in responsive affidavits or upon oral argument are to be afforded no probative value unless counsel has personal knowledge of the facts stated. Both plaintiff and defendant argue that the operative section of the policy is section C which deals with unscheduled personal property. That section provides, in pertinent part, as follows:
“This policy covers unscheduled personal property usual or incidental to the occupancy of the premises as a dwelling and owned or used by an Insured, while on the described premises and, at the option of the Named Insured, owned by others while on the portion of the premises occupied exclusively by the Insured. This coverage also includes such unscheduled personal property while elsewhere than on the described premises, anywhere in the world:
“1. owned or used by an Insured; or
“2. at the option of the Named Insured,
“a. owned by a guest while in a residence occupied by an Insured; or
“b. owned by a residence employee while actually engaged in the service of an Insured and while such property is in the physical custody of such residence employee or in a residence occupied by an Insured;
“3. but the limit of this Company’s liability for the unscheduled personal property away from the premises shall be an additional amount of insurance equal to 10% of the amount specified for Coverage C, but in no event less than $1,000.”
Schedule C contains exclusions from its coverage which are not here applicable.
The legal memoranda submitted by the parties as part of their moving and opposing papers cite no New York case which has been decided on all fours with the present facts. Plaintiff’s citations to the effect that an insurance policy is to be read liberally in favor of coverage is conceded by the defendant. Defendant’s citations of cases tested by the *702 courts of Arkansas and Illinois, while illuminating, are not controlling. The court’s own research has failed to unearth a controlling New York case which has decided the question presently before it.
In any inquiry of this kind, the language of the applicable provision of the policy should be read by the court in such a way as to give effect to the clear import of the language used. In the court’s opinion, the operative words of coverage C are the words underlined in the following provisions: “usual or incidental to the occupancy of the premises as a dwelling, and * * * this coverage also includes such unscheduled personal property while elsewhere than on the described premises, anywhere in the world.”
In response to the defendant’s demand for a bill of particulars, the plaintiff responded that only certain items enumerated as Items No. 38,40,45,46, 47, 48, 49 and 50 in his claim were either located at, owned or used by the plaintiff while on the premises located on N/S Simons Street, Millerton, New York, 12546. Nowhere in plaintiff’s complaint, bill of particulars or opposing affidavit is it alleged that he ever intended that any of the other items listed in the claim were ever present at or intended to be returned to and used in connection with the Millerton property. At the oral argument on the motion, plaintiff’s counsel alluded to the fact that such an intention might be established at a trial should the motion for summary judgment be denied. It was specifically pointed out by the court at that time that no such allegation had been made by the plaintiff in his pleadings or opposing affidavit. The court further indicated that should such allegation be made, it might well have the effect of raising a triable issue of fact. Plaintiff’s counsel was given an additional week to submit a supplementary affidavit to that effect. No such affidavit was submitted. On the contrary, a letter was forwarded to the court in which it was alleged merely that a triable issue of fact existed and, therefore, the motion should be denied. The letter was signed by neither member of the plaintiff’s firm, but instead with the signature “davis and trotta”. At no time during the argument on the motion did the court indicate that there were “issues *703 raised by the motion for Summary Judgment”. In fact, it was the indication of the court that whether or not issues were raised was precisely the matter to be decided on the motion. It is the court’s opinion that those items enumerated in plaintiff’s claim which had not been located at, owned or used by plaintiff while on the premises at N/S Simons Street, Millerton, New York, 12546, were not covered by the policy when they were destroyed in a fire at Jost Van Dyke, Virgin Islands. Those items which had been there were “such unscheduled personal property while elsewhere than on the described premises”, and were therefore covered by the policy subject to the limitation contained in coverage C (3).
Accordingly, the court finds partial summary judgment in favor of the plaintiff in the amount of $108.66, representing the value of those items listed in response No. 7 of plaintiff’s bill of particulars. The court finds that no triable issue of fact has been established with regard to the remaining items of the claim and therefore finds in favor of the defendant on its motion for summary judgment dismissing the complaint as to them.